

ORDERED in the Southern District of Florida on April 24, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              CASE NO. 11-44246-BKC-AJC

**CARLOS JAVIER ALVAREZ,**

    Debtor.
_____/

### ORDER DENYING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE (ECF NO. 19)

THIS CAUSE came before the Court for hearing on February 21, 2012 upon the Motion to Value filed by the Debtor (ECF No. 19) and response filed by WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 ("Secured Creditor"), a secured creditor in the above-

styled cause (ECF No. 29).  With the Court being fully advised in the premises and having reviewed the parties' submissions, the motion to value is denied.

## UNDISPUTED FACTS

On August 28, 2006, the Debtor, Carlos Alvarez, executed and delivered a Note to First Franklin, A Division of National City Bank, and Carlos Alvarez Joined by his wife Martha Jimenez executed and delivered a Mortgage to Mortgage Electronic Registration Systems Inc. as nominee for First Franklin, A Division of National City Bank.  The Note is secured by a Mortgage relating to the real property commonly known as 13909 SW 172 LN, Miami, FL 33177 (the "Property").  The lien created by the Mortgage was duly perfected by filing of the Mortgage on September 21, 2006 in Book 24932, at Page 0608, of the Public Records of Miami-Dade, Florida; and, title to the Property was granted to Carlos J. Alvarez and Martha L. Jimenez, as husband and wife, on August 28, 2006 by Myshjua Archibald via Warranty Deed.

Movant, Wells Fargo Bank, National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF15 Mortgage Pass-Through Certificates, Series 2006-FF15, commenced a foreclosure action in the Circuit Court for the 11th Judicial Circuit in and for Miami Dade County, Florida, which ultimately resulted in the entry of a Final Judgment of Foreclosure against both the filing Debtor, Carlos Alvarez, and his non-debtor wife, Martha L Jimenez, on October 6, 2011 for the amount of $270,355.02 ("Judgment") with respect to the Debtor's property located at 13909 SW 172nd Lane, Miami, Florida 33177, and more specifically known as:

LOT 3, IN BLOCK 16, OF WEITZER SERENA LAKES TOWNHOMES PHASE II, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 147, PAGE 84, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on December 14, 2011. On December 29, 2011, the Debtor filed the Motion to Value and Determine Secured Status of Lien (ECF No. 19). The Debtor purports to value the collateral securing the Secured Creditor's claim at $80,000.00, which he proposes to pay through the Plan at 5.25%, for a total plan payment of $91,132.73.

## ANALYSIS

It is undisputed that the Property is held by the Debtor and Debtor's spouse as tenants-by-the-entireties (TBE). The Supreme Court of Florida in *Beal Bank, SSB v. Almand and Assocs.*, listed the six characteristics necessary for property to be held in tenancy by the entirety, "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interest must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names). 780 So.2d 45 (Fla. 2001) ("In the case of ownership of real property by husband and wife, the ownership in the name of both spouses vests title in them as tenants by the entireties… [a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.")

In the present case, all six characteristics are present as evidenced by, *inter alia*, the Warranty Deed dated August 28, 2006 wherein title to the Property was granted by Grantor Myshjua Archibald to Grantees Carlos J. Alvarez and Martha L. Jimenez, husband and wife, and "grantee's heirs and assigns forever." The Final Judgment of Foreclosure against both the Debtor and his non-debtor spouse is also consistent with the foregoing TBE analysis. Additionally, the

Debtor's Schedules A and D list the Property as jointly owned by Debtor and his spouse as tenants by the entirety, and further list the debt as joint.  Thus, it further appears undisputed that the Secured Creditor is a joint creditor of both the Debtor and the non-debtor spouse.

Because the Property is held as TBE, the Debtor, *individually*, is prohibited from stripping the Secured Creditor's lien.  Tenancy by the entireties is a form of ownership of property unique to married couples.  "Entireties property belongs to neither spouse individually, but each spouse holds 'the whole or the entirety, and not a share, moiety, or divisible part.'" *In re Pierre,* 2012 WL 928192 (Bankr. M.D.Fla. Mar. 16, 2012) (citations omitted).  Accordingly, individual debtors are prohibited from stripping down or off a mortgage unless the other spouse is also a joint debtor in the Chapter 13 case.  *Id*. citing *In re Hunter*, 284 B.R. 806 (Bankr. E.D.Va. 2002).  *See also*, *In re Hulsey*, Case No. 10-36086-DER (Bankr. Md. July 12, 2011) (Rice, J).

The individual debtor in *Hunter* sought to strip the lien of the second mortgage on real property owned by the debtor and his wife as tenants by the entireties.  Like in this case, the wife did not co-sign the note, but did execute the mortgage which was duly recorded in the land records. The Court determined, as a matter of law, that an individual debtor cannot strip the lien of TBE property:

> The debtor seeks to avoid the creditor's mortgage lien not only to his interest in the property, but also his wife's interest. The debtor's spouse has not sought relief under Title 11. Neither she nor her interest in the Pennsylvania property is before the court. The debtor seeks to provide her with the benefit of having filed bankruptcy without her having borne the burden.
>
> More importantly, however, her interest is in the whole of the property, *per tout et non per my*. The debtor and his spouse have a concurrent interest in the entire property. Even if the lien were somehow voided as to the debtor's interest, it would remain as to the wife's interest and would encumber the entire property.

> This could make a difference if the parties owned the property as tenants by the entireties at the time of the death of the first tenant. If the debtor were to predecease his wife, the property would be subject to the lien because his wife's interest would be subject to the mortgage lien and she would be the sole owner of the property. If the debtor survived his spouse, the lien on her interest would disappear with her interest leaving only the husband's interest which would not be encumbered. However, this requires a severance of a portion of the entireties estate by the debtor.
>
> ***
>
> The Bankruptcy Code does not assist the debtor. The only provision permitting the severance of an entireties estate or a unilateral action by one co-tenant is §363(h). This provision expressly provides that the "trustee may sell both the estate's interest" and the co-owner's interest. There is no authority for the debtor to sell the property under §363(h). *See*, *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A*, 530 U.S. 1, 7, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)(explaining that under §506(c) where only the trustee is named as the party who may invoke its provisions, §506(c) may only be invoked by the trustee). Nor is there any other authority in the Bankruptcy Code authorizing such unilateral action. Such a unilateral action is contrary to the essence of the tenants by the entireties estate and should not be permitted absent clear legislative authority.

*Hunter*, 284 B.R. at 813-14.

This case presents facts very similar to the facts in *Hunter*. The Debtor *individually* seeks to cramdown the value of real property owned by the Debtor and his spouse as TBE for which Debtor's spouse did not co-sign a note, but did execute a mortgage. However, the Court does not believe that the Bankruptcy Code allows the Debtor the relief he is seeking. The Florida Supreme Court has held that TBE property is "an estate over which the husband and wife have absolute disposition and as to which each, in the fiction of the law, holds the entire estate as one person." *Pierre,* 2012 WL 928192 at 5 citing *Hunt v. Covington*, 200 So. 76, 77 (Fla. 1941). "Simply stated, one benefit, and perhaps sometimes burden, of TBE ownership is that any type of ownership change requires joint action by both spouses." *Id*. If the Debtor was allowed to

cramdown the value of the Property, his non-filing wife would be granted the benefit of having filed for bankruptcy without having to carry any of the burdens. The Code does not permit this. The Debtor cannot individually reduce or eliminate a mortgage encumbering the Property which is owned as TBE with Debtor's non-filing spouse, unless the non-filing spouse is a debtor in this Chapter 13 case, and is entitled to receive a Chapter 13 discharge.

     The Court is not persuaded by the reasoning of Debtor's cited authority, *In re Strausbough*, 426 B.R. 243 (Bankr. E.D.Mich. 2010), and instead agrees with the rulings in *Hunter* and *Pierre*. Property owned as TBE "belongs to neither spouse individually, but each spouse is seized of the whole." *Beal Bank*, 780 So.2d at 53. For the reasons stated herein, the Court concludes that allowing an individual debtor to cramdown property held as TBE would be inconsistent with the benefits provided by this form of title ownership, and could potentially unjustly enrich the non-filing spouse. It is thereupon

     ORDERED AND ADJUDGED that the Motion to Value and Determine Secured Status of Lien on Real Property Held by Wells Fargo Bank, National Association, as trustee is DENIED.

###

Submitted by:

Susan Sparks  FBN: 33626
Owen Sokolof  FBN: 54091
Morris|Hardwick|Schneider, LLC
5110 Eisenhower Blvd
Suite 120
Tampa, FL 33634
866-503-4930
ssparks@closingsource.net
osokolof@closingsource.net

Attorney Sparks is directed to serve copies of this order on all interested parties, including those listed below, and file a certificate of service with the Court.


Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130
Nancy N Herkert, Chapter 13 Trustee, POB 279806, Miramar, FL 33027
Andres Montejo, Esq., 6157 NW 167 St #F21, Miami, FL 33015,
Carlos Javier Alvarez, 12338 NW 11 Lane, Miami, FL 33172
Martha L Jimenez, 12338 NW 11 Lane, Miami, FL 33172
Martha L Jimenez, 13909 SW 172nd Lane, Miami, Florida 33177