UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                             Case No. 11-44246-AJC
                                                   Chapter   13
  Carlos Javier Alvarez,

        Debtor.
_____/

### DEBTORS MOTION FOR REHEARING ON ORDER DENYING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, **NATIONAL** ASSOCIATION (ECF NO. 63)

Debtor, Carlos Javier Alvarez, hereby moves this court for a rehearing on the order entered on April 24, 2012 denying the Motion to Value entered by Debtor seeking to cram down an investment property.

The Court in its decision has sided with the creditor and states that the code does not permit a non filing spouse to obtain the benefit of a cram down on a property owned by tenants in the entireties without the non filing spouse having to carry any of the burdens.

The Court further states that allowing this type of cram down could potentially enrich the non filing spouse.

Recently Honorable Judge Karen S. Jennemann in the Middle District of Florida in the Case of In Re Pierre, Case Number 6:10-bk-21663, has ruled similarly to this court on this type of issue. This ruling has been appealed as of April 27, 2012 under Case Number 6:12-

1

cv-00642-PCF. The Debtor prays that this court takes into consideration the pendency of this appeal.

The Debtor holds that the Strausbough opinion (In re Strausbough, 426 B.R. 243 (Bankr. E.D. Mich., 2010), is a consolidated ruling of the cases of In re Strausbough and In re Tomasi, which holds that a two-part analysis is necessary to determine whether a junior lien can be avoided. First, the court must consider what the estate's interest is in such property and, second, it must determine the value of the creditor's interest in the estate's interest. Based on those facts in Strausbough and Tomasi, the court ultimately concluded that since, ~the value of the property at issue is less than the amount due on the first mortgage there is no equity available to pay joint claims" and therefore the estates had no interest in the entireties properties of the debtors and their non-filing spouses.

The court in In re Strausbough further noted that:

"**This Court appreciates the Hunter court's concern that the non-filing spouse's property is not before the bankruptcy court in these cases, as well as its further concern that the debtor is seeking to use the Bankruptcy Code to benefit the non-filing spouse without the resulting burdens. Ultimately, however, the issue is one of Congressional intent: Did Congress intend to allow the avoidance of a junior lien on entireties property when only one spouse files bankruptcy? While the concerns expressed by the Hunter court certainly should be considered in determining whether Congress so intended, they are not determinative."** Id. at 249.

2

"The reality is that every day, bankruptcy courts construe and apply chapter 13 in ways that benefit non-filing spouses. The most important of these benefits is probably the benefit that the nonfiling spouse enjoys when his or her spouse files a chapter 13 case for the purpose of maintaining possession of the entireties property while curing the default in the mortgage on the property. Nothing in the Bankruptcy Code requires both parties to join in the filing for both of them to obtain that benefit. Similarly, nothing in the Bankruptcy Code requires a joint filing in a chapter 13 case to obtain the benefits of lien avoidance under § 506(a) and (d). In each instance, the incidental benefit to the nonfiling spouse results from the fair application of the language of the Bankruptcy Code. That incidental benefit, by itself, is not grounds for a different result in either circumstance." Id. at 250.

The ruling in the Strausbough case is inconsistent with the decision of this court which states that "The Code does not permit this...." and what was the intent of Congress. Does the Code specifically prohibit this?

The non filing spouse in our instant case is not a joint debtor of the underlying debt of the mortgage. The Debtor recognizes that listing the Debt on Schedule D as a Joint Debt is completely erroneous, and an unintentional mistake at the preparation of the petition. The Analysis section of the Order notes this however in concluding recognizes that the non filing spouse did not co-sign the note but did sign the mortgage.

3

When multiple parties own a property but only one is liable on the note, it is imperative that the non liable parties sign the mortgage, otherwise the lender would never be able to foreclose on a defaulted obligation because of the rights of the non-borrowers.

It is common knowledge; the Mortgage is an incident of the Note, and not the Note an incidence of the Mortgage. When the lender took into consideration to lend the money, it never looked at the ability to pay on behalf of the co-owners. They only looked at the parties actually signing the Note. The good faith estimate, the Truth in lending, the loan application, and in general most closing documents are only signed by the party signing the Note. From the get go, there is a benefit to the non Note signer who co-owns a property. These folks own a property without any credit risk whatsoever.

In Bankruptcy there is always incidental benefits to various parties.

When we have a homestead issue, we look at what was the debtors place of residence at the time of filing, not where the debtor is going to live in years down the road.

When we have a valuation issue, we look at the time of filing what the value is, not what the value is going to be years down the road.

Similarly when we are doing a cram down, we must look at the value at the time of filing, and we must look at the equity of the parties at the time of filing, irrelevant of the type of ownership and not be concerned about a future incidental benefit. Certainly if we were

4

cramming down a 2003 Pontiac that was jointly owned, the courts since they would perceive that the future value is going to decrease anyway would have little objection in allowing the Motion to Value. But since it is Real Estate, and the possibility with appreciation arises, then there is a concern of incidental benefits. This is a unique moment in our history.

For all of the above the Debtor prays the Court will grant this Motion for Rehearing and upon Rehearing vacate the order denying the Motion to Value and instead either grant the Motion to Value or at least hold the matter in abeyance pending the decision of the District Court of the Middle District of Florida.

I HEREBY CERTIFY that I am admitted to the Bar of the United State District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of this Motion Notice of Hearing was served to all interested parties on ECF on May 8, 2012.

Law Office of Andres Montejo
Andres Montejo, Esq.
Attorney for the Debtors
6157 NW 167th Street, F-21
Miami, Florida 33015
Telephone (305) 817-3677

By:/s/ Andres Montejo
    Andres Montejo
    Florida Bar No. 659428