UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:  
Carlos Javier Alvarez  
          Debtor(s),

Case No: 11-44246-AJC  
Chapter 13

**WELLS FARGO BANK, NATIONAL ASSOCIATION'S RESPONSE TO MOTION FOR REHEARING ON ORDER DENYING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY (ECF NO. 67)**

    Secured Creditor Wells Fargo Bank, National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF15 Mortgage Pass-Through Certificates, Series 2006-FF15, ("Movant") by and through its undersigned counsel, files its Response to Debtor's Motion for Rehearing on Order Denying Motion to Value and Determine Secured Status of Lien (ECF No. 67), and in support states as follows:

1. The Debtor has filed a motion for rehearing of this court's April 24, 2012 Order Denying Motion to Value and Determine Secured Status of Lien on Real Property Held by Wells Fargo Bank, National Association, as Trustee (ECF No. 63). The motion was filed within 14 days after entry of the order and is accordingly governed by Fed. R. Bankr. P. 9023. A motion for reconsideration or rehearing under Rule 9023, applying Fed. R. Civ. P. 59(e), may be granted on four grounds: (1) the judgment is based upon manifest errors of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) amendment is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *In re Piazza,* Case No. 10-40807-BKC-JKO (Bankr. S.D. Fla. September 29, 2011 (Olson, J) (*citing In re Arden Properties, Inc.*, 248 B.R. 164 (Bankr. D. Ariz. 2000)); *see also In re*

1

*Prince*, 85 F.3d 314, 36 (7th Cir. 1996), *cert. denied*, 519 U.S. 1040 (1996).  A party may not utilize Rule 59(e) to complete presentation of the party's case after the court has ruled against that party. *Id.* (citing *Matter of Reese*, 91 F.3d 37 (7th Cir. 1996))

2. There has not been, nor has the debtor alleged, any newly discovered evidence, a manifest injustice, or any intervening change in controlling law.  As a result, Movant must assume the Debtor's argument is that the order contained a manifest error of law.  However, because the Debtor fails to establish a manifest error of law or fact as required by Fed. R. Bankr. P. 9023, the Motion must be denied.

3. As an initial matter, the Court has already held several hearings on this matter hearing the arguments of both parties.  The Motion to Value initially came for hearing on January 24, 2012, at which Debtor's attorney requested the hearing continued so that the tenants-by-the-entireties (TBE) issue could be further addressed.  A continued hearing took place on February 21, 2012 where the Court took the matter under advisement and ordered that the Debtor's Counsel prepare a memorandum of law addressing the issues raised in our response before March 6, 2012.  The Court entered is Order Denying Motion to Value on April 24, 2012.  Further, several confirmation hearings have taken place and been continued pending resolution of the TBE matter.  As a result, the matter has been fully and adequately adjudicated and the Court should not permit Debtor to continue arguing its case after the Court has ruled against him.

4. The Debtor first asks the court to consider a recent case decided in the Middle District of Florida, *In re Pierre,* 2012 WL 928192 (Bankr. M.D.Fla. Mar. 16, 2012) where that court "ruled similarly to this court on this type of issue." This case only supports the

    Court's decision in this case and the fact that the debtor in *Pierre* has filed an appeal in *that* case is of no consequence to *this* case where no appeal has been filed.

5. The Debtor's second argument, that the ruling in this case is inconsistent with the ruling in *In re Strausbough*, 426 B.R. 243 (Bankr. E.D.Mich. 2010) is equally unpersuasive. The Court considered and rejected the reasoning in that case and instead agreed with the overwhelming majority of cases which have likewise rejected the *Strausbough* decision. Further, recently the United States District Court for the District of Maryland took up this issue on appeal and again rejected *Strausbough* in favor of the reasoning in *Hunter*. *Alvarez v. HSBC Bank USA, Nat. Ass'n,* 2011 WL 6941670 (D. Md . Dec. 28, 2011). *See Also In re Hunter,* 284 B.R. 806 (Bankr. E.D. Va. 2002); *In re Hulsey,* Case No. 10-36086-DER (Bankr. Md. July 12, 2011 (Rice, D).

6. The Debtor's third argument, regarding whether or not the debt itself is a joint debt, confuses the issue by missing the important distinction between the trustee's ability to sever entireties estate property pursuant to 11 U.S.C. §363(h) to satisfy joint debts of joint creditors on the one hand, and the inability of either spouse to individually dispose of the entireties property regardless of whether or not the debt itself is joint.

7. The Debtor's fourth argument, that the court should disregard the type of ownership of the property or future incidental benefit at the time of filing, also fails and is unpersuasive. The Debtor argues that "Certainly if we were cramming down a 2003 Pontiac that was jointly owned, the courts….would have little objection." This is nothing more than an unsupported legal conclusion. Assuming the Debtor's hypothetical "2003 Pontiac" is owned by the hypothetical debtor and his non-filing spouse as TBE, Movant does not believe that the Bankruptcy Code, or the courts,

3

would allow the hypothetical debtor to cramdown the personal property.  Regardless, this case is dealing with real estate, assuming *arguendo* the Debtor's argument has merit it would be irrelevant in this case.

WHEREFORE, Movant respectfully requests this Honorable Court deny the Debtor's Motion for Rehearing of the Order Denying Debtor's Motion to Value and Determine Secured Status and deny holding the matter in abeyance pending the decision of the District Court of the Middle District of Florida, and to deny confirmation of the Debtor's Chapter 13 Plan, and such further relief the Court deems just and proper.

### CERTIFICATION AS TO ADMISSION TO THE SOUTHERN DISTRICT BAR

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

By:  /s/ Owen Hare
Owen Hare   Bar ID No: 89053
 /s/ R. Mark Peery
R. Mark Peery   Bar ID No: 26766
Morris|Hardwick|Schneider, LLC
6 Nashua Court, Suite D
Baltimore, MD 21221
Phone: (410) 284-9600 Ext 15108
Email: ohare@closingsource.net
         mpeery@closingsource.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by electronic or standard first class mail this 15th day of June, 2012 to the following:

U.S. Trustee: Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

Chapter 13 Trustee: Nancy N Herkert, POB 279806, Miramar, FL 33027

Attorney for Debtor(s): Andres Montejo, Esq., 6157 NW 167 St #F21, Miami, FL 33015, amontejo@andresmontejolaw.com

Debtor: Carlos Javier Alvarez, 12338 NW 11 Lane, Miami, FL 33172

Co-Debtor: Martha L Jimez, 12338 NW 11 Lane, Miami, FL 33172

Co-Debtor: Martha L Jimez, 13909 SW 172nd Lane, Miami, Florida 33177

By: _/s/ Owen Hare_
Owen Hare   Bar ID No: 89053
_/s/ R. Mark Peery_
R. Mark Peery   Bar ID No: 26766
Morris|Hardwick|Schneider, LLC
6 Nashua Court, Suite D
Baltimore, MD 21221
Phone: (410) 284-9600 Ext 15108
Email: ohare@closingsource.net
mpeery@closingsource.net